08-3201-ag (L); 09-0784-ag (Con)
Chen v. Holder

BIA
Schoppert, IJ
A098 892 773

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> PETER W. HALL,
> > *Circuit Judges.*

———————————————————————————

JUN SONG CHEN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

08-3201-ag (L);
09-0784-ag (Con)
NAC

———————————————————————————

FOR PETITIONER:     Dehai Zhang, Flushing, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Tim Ramnitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that these petitions for review are DENIED.

Jun Song Chen, a native and citizen of the People's Republic of China, seeks review of: (1) a June 5, 2008 order of the BIA, affirming the September 22, 2006 decision of Immigration Judge ("IJ") Douglas Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Jun Song Chen*, No. A098 892 773 (B.I.A. June 5, 2008), *aff'g* No. A098 892 773 (Immig. Ct. N.Y. City Sept. 22, 2006); and (2) a February 19, 2009 order of the BIA, denying his motion to reopen, *In re Jun Song Chen*, No. A098 892 773 (B.I.A. Feb. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.  Docket Number 08-3201-ag**

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia*

2

*Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. In rendering his decision, the IJ did not err in finding implausible that Chen's father would submit an affidavit in support of his son's asylum application, when Chen's father allegedly beat him severely on two occasions because of Chen's homosexuality. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (finding that "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."); *see also id.* at 168 ("record support for a contrary inference—even one more plausible or more natural—does not suggest error"). The implausibility finding is further supported by the striking similarities of substance and wording between Chen's father's letter and Chen's own statement. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (stating that "striking similarities between affidavits are an indication that the statements are 'canned'"); *Surinder*

3

*Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006); *see also Ying Li v. BCIS*, 529 F.3d 79, 82 (2d Cir. 2008) ("[W]hen an adverse credibility finding is based partly or entirely on implausibility, [this Court] review[s] the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized."). Having called Chen's credibility into question, the IJ also reasonably relied on his failure to submit corroborating evidence from his boyfriend. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that an applicant's failure to corroborate his testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question); *see also Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 633-34 (2d Cir. 2006).

Because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. The agency therefore properly denied Chen's applications for asylum, withholding of removal, and CAT relief insofar as they were based on his sexual orientation. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

Substantial evidence also supports the agency's denial of Chen's application for CAT relief based on his claim of a likelihood of torture for having departed China illegally. Notwithstanding generalized evidence indicating that torture occurs in Chinese prisons, an applicant cannot demonstrate that he is more likely than not to be tortured "based solely on the fact that []he is part of the large class of persons who have left China illegally." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *see also Pierre v. Gonzales*, 502 F.3d 109, 118-19 (2d Cir. 2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). Because Chen provided no basis for the agency to conclude that he, or someone in his "particular alleged circumstances," faces an elevated risk of persecution or torture, *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003), the agency did not err in denying his application for CAT relief based on his illegal departure. *See Mu Xiang Lin*, 432 F.3d at 160; *see also Mu-Xing Wang*, 320 F.3d at 143-44.

5

**II.  Docket Number 09-0784-ag**

The BIA's denial of a motion to reopen is reviewed for abuse of discretion.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).  When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).  The BIA did not abuse its discretion in denying Chen's motion to reopen based on his failure to establish his *prima facie* eligibility for relief.  *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

As the BIA concluded, Chen did not establish his *prima facie* eligibility for relief because he failed to show that the Chinese government was aware of or was likely to become aware of his China Democracy Party ("CDP") activities in the United States.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).  The BIA did not err in rejecting as insufficient the generalized statement in the 2005 U.S. Department of State "Profile of Asylum Claims and Country Conditions" that "[t]he Chinese government sometimes monitors the political activities of students or exchange

6

scholars living abroad." *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008) (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency").

The evidence that Chen submitted in support of his motion to reopen did not indicate that he had been publicly identified as a CDP member and therefore did not show that the Chinese government would likely discover his CDP activities in the United States. Because the BIA did not err in finding that Chen failed to demonstrate his *prima facie* eligibility for relief based on his CDP activities, it did not abuse its discretion in denying his motion to reopen. *See Abudu*, 485 U.S. at 104.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7